# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BILL R. SNIDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:11-cv-168-JMS-WGH |
| | ) | |
| SUPERINTENDENT, Wabash Valley Correctional Facility, | ) ) | |
| | ) | |
| Respondent. | ) | |

## Entry (1) Dismissing Insufficient Claim and (2) Directing Further Proceedings

### I.

Petitioner Snider's first claim is that asserted unreasonable delay in the state courts' post-conviction process has violated his federally secured rights. Although of significant institutional concern, such circumstances do not support a cognizable claim for federal habeas relief. *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981). Accordingly, Snider's **first habeas claim is dismissed** pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

No partial final judgment shall issue at this time as to the claim dismissed above.

### II.

This is an appropriate case in which to determine whether Snider's unexhausted claims would present a viable basis for federal habeas relief. To do that requires that Snider's claims be briefed on the merits. *See* 28 U.S.C. §

2254(b)(2); *see, e.g., Bell v. Cone,* 543 U.S. 447, 451, n. 3 (2005) (declining to address whether the court of appeals correctly held that the petitioner had not defaulted on his claim and citing 28 U.S.C. § 2254(b)(2) for the proposition that "an application for habeas corpus may be denied on the merits, notwithstanding a petitioner's failure to exhaust in state court"); *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997) (noting that a federal court may deny a petition on the merits without resolving whether the issue was presented fairly to the state courts).

Accordingly, respondent shall have **through March 9, 2012**, to brief the merits of the claims raised in Snider's petition for writ of habeas corpus. Snider shall have **through March 30, 2012**, to file his response to respondent's brief.

**IT IS SO ORDERED.**

Date: 01/25/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Bill Snider
#138872
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN  47838**

**James Blaine Martin
james.martin@atg.in.gov**