## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BILL R. SNIDER, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SUPERINTENDENT, Wabash Valley )<br> Correctional Facility, )<br>)<br>Respondent. ) | No. 2:11-cv-168-JMS-WGH |

### Entry Discussing Selected Matters

### I.

If a claim is not adjudicated on the merits in state court proceedings for purposes of 28 U.S.C. § 2254(d), a habeas court uses the general standard set forth in 28 U.S.C. § 2243, which requires the court "to dispose of the matter as law and justice require." *See Porter v. McCollum*, 130 S. Ct. 447, 452 (2009)(citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005)); *Canaan v. McBride,* 395 F.3d 376, 383 (7th Cir. 2005); *Newell v. Hanks,* 283 F.3d 827, 838 (7th Cir. 2002). That is the course which will be followed here unless the Indiana state courts adjudicate the pending action for post-conviction relief before the habeas litigation is concluded.

### II.

### A.

Habeas petitioner Snider has asserted that his state conviction is tainted with constitutional error because he did not receive the effective assistance of counsel which is guaranteed by the Sixth Amendment.

The Sixth Amendment guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). "The essence of an ineffective-assistance

claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).

To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland,* 466 U.S. at 687. For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.* With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the court's review of counsel's performance is highly deferential, and the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

## B.

"Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). Thus, *Strickland* requires that counsel=s performance be evaluated as a whole rather than focus on a single failing or oversight. *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005).

"It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one." *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009); *see also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings).

## C.

In this case, Snider highlights specific instances of asserted ineffectiveness of counsel. In doing so, he has not argued his claim within the *Strickland* framework. The correct framework was noted in *Payne v. Brown*, 662 F.3d 825, 829 (7th Cir. 2011)(citing *Williams*).

The claim of ineffective assistance of counsel shall therefore be further briefed as follows:

1) Snider shall have through October 17, 2012, in which to file an additional brief in support of his claim of ineffectiveness of counsel

2) The respondent shall have through November 13, 2012, in which to respond to Snider's additional brief; and

3) Snider shall have through November 27, 2012, in which to reply.

### III.

The petitioner's motion to be informed of the status of the action and for a scheduling order is granted. As to the former, the clerk shall include a copy of the docket sheet with the petitioner's copy of this Entry. As to the latter, the directions in Part II of this Entry supply the requested action.

**IT IS SO ORDERED.**

Date: 09/18/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Bill Snider, #138872
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN  47838

James Blaine Martin
james.martin@atg.in.gov