# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| BILL R. SNIDER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 2:11-cv-168-JMS-WGH |
| | ) |
| BILL WILSON,[1] | ) |
| | ) |
| Respondent. | ) |

## ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS

On August 14, 2014, Petitioner Bill Snider's amended petition for post-conviction relief was denied by Judge Jerome Frese in the St. Joseph County Superior Court 3 in *Snider v State*, No. 71D02-0511-PC-000042.

On June 23, 2011, Snider filed a petition for writ of habeas corpus in this court. He argues that there has been inordinate and unjustifiable delay in the state court proceedings and accordingly, this court should review his petition even though he has not exhausted his state court remedies.

Now that a decision has been issued on Snider's petition for post-conviction relief, a state court corrective process remains available for Snider through an appeal of the denial of his petition for post-conviction relief. ABefore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.@ *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state

---

[1] Bill Wilson is **substituted** as the respondent.

prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. ' 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

Snider may present a new petition for writ of habeas corpus to this court once he exhausts his state court remedies. Any other course by this Court would disregard recent Supreme rulings which emphasize the wide latitude that must be accorded to state court rulings under AEDPA review, and the corresponding limitations on federal review. *See, e.g. Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); *Premo v. Moore*, 131 S. Ct. 733, 743 (2011); *Renico v. Lett*, 130 S. Ct. 1855, 1862-66 (2010); *Thaler v. Haynes*, 130 S. Ct. 1171, 1173-75 (2010). The Supreme Court has stressed that section 2254, as amended by the AEDPA, was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been "extreme malfunctions in the state criminal justice systems." *Harrington*, 131 S. Ct. at 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). As a result, as long as "fairminded jurists could disagree" on the correctness of the state court's decision, federal habeas relief should not be granted. *Id*. Therefore, even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable. *See id*. at 785 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (quoting *Williams v. Taylor*, 120 S. Ct. 1495, 1522 (2000) (emphasis in original)). Although the delay in deciding Snider's petition for post-conviction relief has been an obstacle of great frustration for both Snider and this court, consistent with 28 U.S.C. § 2254's exhaustion

requirements, Snider must first exhaust his state court post-conviction remedies before proceeding in this court.

Accordingly, this action is **dismissed without prejudice**. Snider's motion for the court's assistance [dkt. 88] is **denied as unnecessary**. The motion to withdraw attorney appearance [dkt. 91] is **granted**. The clerk shall **update** the docket to reflect Snider's mailing address as set forth in the distribution of this Entry.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _September 2, 2014_

*/s/ Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Bill Snider
#138872
Indiana State Prison
One Park Row
Michigan City, IN 46360

**Note to Clerk: Processing this document requires actions other than docketing and distribution.**